IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RELIANCE STANDARD LIFE )
INSURANCE COMPANY, )
 )
    **Plaintiff,** )
 )
v. ) Case No. CIV-16-129-R
 )
BRANDON BLACKSTEN, )
Individually and as Legal )
Representative of the ESTATE OF )
ROBERT BLACKSTEN (Deceased); )
et al., )
 )
 )
    **Defendants.** )

## ORDER

Before the Court is Plaintiff's Motion to Dismiss the Counterclaim of Defendant Brandon Blacksten. [Doc. 13]. For the reasons that follow, Plaintiff's Motion is GRANTED.

### Discussion

Plaintiff Reliance Standard Life Insurance Company filed this interpleader action to determine the proper beneficiary under a life insurance policy it issued to the now-deceased Robert Blacksten. Reliance's confusion stems from several events that took place in the years and months preceding Robert Blacksten's death. Robert Blacksten married Debra Lyn Gordon, designated her the primary beneficiary under the life insurance policy, and then divorced her. Before the divorce, however, a state court appointed Robert Blacksten's

1

son, Brandon, special guardian over his father. Following the divorce, Brandon Blacksten asked Reliance to change the primary beneficiary under the policy to his father's estate.

Unsure whether Brandon was authorized to request this change or whether Robert Blacksten's divorce from Ms. Gordon nullified her beneficiary status, Reliance filed this interpleader action asking the Court to determine the proper payee or payees. In response, Brandon Blacksten counterclaims that Reliance should immediately pay the death benefits to his father's estate as he previously requested. Reliance now moves to dismiss this counterclaim on the grounds that it is preempted by ERISA and inconsistent with the underlying purpose of an interpleader action.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell*, 550 U.S. at 570).

The Court finds that dismissal of the counterclaim is proper. As for whether the claim is preempted by ERISA, the Court agrees with Brandon Blacksten that no party has established that ERISA governs this litigation at all. But at any rate, Brandon Blacksten's counterclaim is still mooted by the underlying interpleader action, which seeks first and foremost to have the Court identify the proper beneficiary. That beneficiary could of course

be the Estate of Robert Blacksten. Yet it could also be Robert Blacksten's children, who would hold equal and competing claims to the death benefits if Ms. Gordon is no longer a beneficiary and Brandon Blacksten lacked the legal authority to designate the Estate as beneficiary. Reliance is simply trying to adjudicate to whom it owes payment and has never asserted that the death benefits are not payable to at least somebody.

Brandon Blacksten counters that interpleader is improper because no other parties are asserting a right to the funds at issue. Yet that alone does not render interpleader premature. "The law is settled that where there is a real risk of vexatious, conflicting claims, a stakeholder, acting in good faith, may maintain a suit in interpleader to avoid vexation and expense of resisting such claims, even though only one will be found meritorious." *Baccus v. Baccus*, 2013 WL 3725150, at *1 (E.D. Okla. July 12, 2013). Interpleader calls for a party to have a rational fear of exposure to potential competing claims—not that the interpleading party currently face claims. It offers "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001). Here, Reliance faces the potential of competing claims. As a result, impleader is proper; the counterclaim is duplicative; and Reliance's Motion to Dismiss Brandon Blacksten's counterclaim is therefore GRANTED.

IT IS SO ORDERED this 21st day of March 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE